UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:17-CR-79 |
| | ) | |
| LARRY EDWARD THOMAS | ) | |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is the defendant's *pro se* motion to withdraw his guilty pleas, [Doc. 64]. Pursuant to this Court's order, the defendant has also filed a formal motion through counsel, [Doc. 68]. The United States has responded, [Doc. 69]. On May 21, 2019, this Court held an evidentiary hearing on the matter. The motion is now ripe for review. For the reasons that follow, the defendant's motion will be **DENIED**.

I. **Procedural Background**

On July 30, 2018, the parties filed a signed plea agreement in this case, [Doc. 52], and the Court subsequently scheduled a change of plea hearing to commence on August 13, 2018. At the hearing on August 13, this Court ultimately accepted the defendant's guilty pleas as to Counts One and Five of the indictment, and took the parties' plea agreement under advisement. On February 7, 2019, the defendant filed a *pro se* motion to withdraw his guilty pleas, and further requested the Court to appoint him new counsel. On February 11, 2019, the Court held a hearing on the defendant's motion with respect to his request for a different attorney. The Court found that appointment of new counsel was appropriate at that time, and ordered the defendant to confer with his new attorney to determine if a withdrawal of his guilty pleas was still requested. *See* [Doc. 66]. The defendant subsequently filed a renewed motion to withdraw his guilty pleas in accordance with this Court's order, [Doc.68].

The Court held an evidentiary hearing on the defendant's motion on May 21, 2019. The defendant was the sole witness on his behalf. The United States did not present any witnesses.

## II. FACTS

The defendant was indicted by a federal grand jury on August 8, 2017 in a five-count indictment, [Doc. 1]. The indictment charged the defendant in all five counts, including Count One for conspiracy to distribute 50 grams or more of methamphetamine, Counts Two and Four for possession of a firearm in furtherance of a drug trafficking offense, Count Three for possession with the intent to distribute 50 grams or more of methamphetamine, and Count Five for possession of a firearm not registered with the National Firearms Registration and Transfer Record, [Doc. 3]. The defendant signed, and the parties filed, a plea agreement on July 30, 2018, [Doc. 52]. In that plea agreement, the defendant agreed to plead guilty to Count One of the indictment, conspiracy to distribute 50 grams or more of actual methamphetamine, and Count Five of the indictment, possession of a firearm not registered with the National Firearms Registration and Transfer Record. The stipulation of facts agreed to by the parties satisfying the elements of the offenses specifically set out that "[b]etween October 1, 2015 and December 31, 2015, the defendant traveled to Atlanta, Georgia, for and on behalf of another Greene County, Tennessee individual to obtain methamphetamine from Richard Alan Davis and others." [*Id*. at ¶ 4]. Additionally, the plea agreement stated that the "Defendant agrees that he is responsible for conspiring with others to distribute at least 150 grams but less than 500 grams of methamphetamine (actual)." [*Id*.]. Also, the plea agreement stated that the defendant "further agrees that he possessed the sawed-off shotgun that was inside the residence, that the barrel of the shotgun was less than 18 inches in length, and that the firearm was not registered to him in the National Firearms Registration and

Transfer Record." [*Id*.]. The agreement further stated that "[t]he defendant is pleading guilty because the defendant is in fact guilty." [*Id*. at ¶ 5].

The defendant appeared before this Court at the August 13 change of plea hearing. At the change of plea hearing, the Court followed its usual plea colloquy with the defendant, explaining to the defendant the offenses he was charged with, the elements of the offenses he was pleading guilty to, his right to plead not guilty, his rights associated with a trial, the mandatory minimum penalty as well as the maximum possible penalty which the Court could impose, and also conducted other questioning of the defendant to ensure that his pleas of guilty were voluntarily and knowingly made. Based on all of the defendant's responses to the Court's questions, the Court found that the guilty pleas were in fact made voluntarily and knowingly, and adjudged the defendant guilty of Count One and Count Five of the indictment. The Court took the parties' proposed plea agreement under advisement. Sentencing has yet to commence. The defendant's instant motion requests this Court to allow him to withdraw these guilty pleas and proceed to a jury trial.

### III. Standard of Review

Before accepting a guilty plea, the court must address the defendant personally, in open court, and determine that the defendant is entering the plea voluntarily and that it is not the result of force, threats, or promises other than those contained in the plea agreement. *See* Fed. R. Crim. P. 11(b). A plea must be entered into voluntarily, knowingly, and intelligently "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970).

After a guilty plea has been accepted by the court but before sentence is imposed, a defendant may withdraw a plea of guilty if "the defendant can show a fair and just reason for

requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (citing *United States v. Mader*, 251 F.3d 1099, 1105 (6th Cir. 2001)). Further, "[w]hen a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *Id*. (quoting *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)).

The rule allowing a defendant to withdraw his guilty plea before the court imposes sentence is "designed to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *Id*. at 280-81 (internal quotation marks omitted). The factors the court should consider in determining whether the defendant has met his burden for a fair and just reason include:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Id*. (citing *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)). "The factors listed are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

### IV. Analysis

At the hearing for this motion, the defendant presented his own testimony regarding the circumstances of entering his guilty pleas. At the outset of the hearing, the defendant's newly

appointed attorney noted to the Court his surprise at the lack of discovery in this case. Counsel initially suggested that it would be largely unconscionable for the defendant's former counsel to proceed to trial with the apparent lack of discovery. However, after discussion, counsel later acknowledged that there may be some strategic justification that the defendant's former lawyer had in the quick resolution of this case without involving facts related to concurrent state court proceedings in Georgia. In any event, the Court understands that the lack of discovery presented in this case on the Georgia incident at the time of the defendant's change of plea hearing is recognized by both parties.

The defendant's testimony set out the primary reasons for wanting to withdraw his guilty pleas. First, the defendant unequivocally stated at the hearing that he is innocent of these crimes, and wants (indeed, according to his current testimony, has always wanted) a trial by jury. The defendant fully acknowledged to the Court that his current testimony is irreconcilable with his testimony at the change of plea hearing, where he admitted that the factual assertions contained in his signed plea agreement were correct; however, he now maintains that many of these facts are not true and that he is ultimately innocent of the charges. Second, outlining the reasons for his original entry into the guilty pleas, the defendant claimed that his former counsel relayed to him that if he did not plead guilty, his co-defendant son's plea agreement with the government would "be pulled" and his son would face additional time in jail. In essence, the motivating reason, he claims, he entered the guilty pleas was based on the advice of his former counsel, out of fear that, if he took his case to trial, his son would suffer legal consequences in his own case. Additionally, the defendant further claims that his former counsel would not help him develop a defense for trial, and, at the time, he felt that he did not have an advocate that was wanting, or willing, to try his case to a jury.

The Court finds that the defendant has failed to meet his burden of showing a "fair and just reason" for allowing him to withdraw his guilty plea. Nothing in the record reflects that the defendant was of confused mind; nor is there any indication that he was experiencing an unsure heart. The defendant's own statements made under oath definitively show that, at least at the time he entered his guilty pleas, he was sure of his decision. This Court's consideration of each enumerated factor regarding whether the defendant has met his burden is discussed below.

**(1) The Amount of Time that Elapsed Between the Guilty Pleas and the Motion to Withdraw the Pleas**

The first factor this Court considers in determining whether the defendant has provided a fair and just reason to withdraw his guilty pleas is the amount of time that has passed between the entry of the guilty pleas and the filing of his motion. "The shorter the delay, the more likely a motion to withdraw will be granted, and a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006) (quoting *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996)).

The defendant filed his *pro se* motion to appoint new counsel and withdraw guilty plea on February 7, 2019, [Doc. 64]. As he formally entered his guilty pleas in this Court on August 13, 2018, the defendant waited one hundred and seventy-seven (177) days before filing his request. This is undoubtedly a lengthy delay, and weighs heavily against the defendant's request to withdraw his guilty pleas. The Sixth Circuit has found delays far shorter than this as a strong factor supporting a denial of a motion to withdraw a guilty plea. *See United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (finding a 67-day delay as a strong factor supporting denial of motion to withdraw guilty plea); *United States v. Goldberg*, 862 F.2d 101, 103 (6th Cir. 1988) (55-day

6

delay supporting denial of motion to withdraw guilty plea); *United States v. Durham*, 178 F.3d 796, 799 (6th Cir. 1999) (finding 77-day delay as a factor supporting denial of motion to withdraw guilty plea).

There was a lengthy delay between the entry of the defendant's guilty pleas and the filing of his motion. The Court finds that this first factor weighs heavily against the defendant's current motion.

**(2) The Presence of a Valid Reason for Failing to Move for Withdrawal Earlier**

The defendant argues that his minimal prior exposure to the criminal justice system, as well as his letter to his former counsel regarding his guilty pleas sent sometime near the end of September, 2018, together support a valid reason for failing to move for withdrawal earlier. At the hearing, the defendant testified that he originally sent a letter to his former attorney asking about withdrawing his guilty pleas sometime near the end of September of 2018. He asserted that his former attorney advised him that it was too late to withdraw his guilty pleas, and that, if he attempted to withdraw his pleas at that time, his co-defendant son would suffer consequences in his own case. Even accepting the defendant's timeline of events, he never testified that he specifically requested his former counsel to withdraw his guilty pleas in the end of September of 2018, only that he asked his counsel about withdrawing them. Nevertheless, even if he *meant* his testimony to suggest that he asked his former counsel *to withdraw his guilty pleas* in the end of September, 2018, the defendant's proffered reasons for failing to move for withdrawal earlier are still not persuasive to this Court for a number of reasons.

First, the defendant has lost all credibility in this Court's view. The record reflects that, at the initial change of plea hearing, the defendant testified under oath, in front of this Court, that he understood the charges against him, was satisfied with his attorney's representation, that he was

7

pleading guilty knowingly, voluntarily, and on his own volition, and that he was in fact guilty of those two counts of the indictment as charged. He agreed that all of the facts contained in his plea agreement were indeed true, and he had no hesitation in pleading guilty in front of this Court. These statements simply cannot be reconciled with his most recent testimony, now claiming that he was actually at complete odds with his former counsel—throughout the case including the decision of whether to go to trial or plead guilty—that he was only pleading guilty under threat that his son would suffer more consequences if he took his own case to trial, that he felt he had no other choice but to plead guilty because his attorney advised him to do so, and that he was in fact not guilty of any of the charges. His lack of truthfulness to the Court has disintegrated any chance of taking any of his testimony at face value.

Second, the defendant had a direct opportunity to address any concerns he had with the plea agreement or his former counsel at the change of plea hearing. This Court specifically asked direct questions regarding these matters and the defendant, at that time, expressed no quarrels.[1] Had the defendant expressed some hesitation, his most current testimony may have brought some weight. But this Court's own recollection of the change of plea hearing, as well as its review of the transcript, confirm that, at least at that time, he had no hesitation with pleading guilty, nor did he express any concern for the representation he had received.

Third, going back to the discussion above, although the defendant claims that he wrote a letter to his former attorney regarding withdrawing his guilty pleas, he did not affirmatively testify that he wrote his attorney that he wanted his pleas withdrawn.[2] Instead, the defendant testified that his first affirmative request to withdraw his guilty pleas arose at the jail visit on January 9, 2019. And even if his letter did request his attorney to move to withdraw his guilty pleas, the

---

[1] *See* [Doc. 67].
[2] *See* [Doc. 77 at Page ID # 933, "Q: And what was the context of that letter? A: Asking about withdrawing the plea."]

defendant never provided the letter to support his testimony. He acknowledged that his former attorney sent "his entire file" to his current attorney, and yet the defendant was unable to provide any supporting evidence that the letter was indeed sent and received by Mr. Moore, his former attorney. The Court would have been somewhat more inclined to believe the defendant's story had he provided *some* evidence to back his assertion.

Fourth, the defendant's testimony that he was unaware that he could file a letter with the Court requesting to receive new counsel and withdraw his guilty pleas is a difficult proposition to accept. Defendants write letters to this Court from jail all the time, and had the defendant truly been dissatisfied with his attorney's representation throughout the case as he now claims, he would not have waited weeks *after the change of plea hearing* before reaching out to his former attorney via letter, and he further would not have waited *months longer* before finally reaching out to the Court. The Court recognizes that the defendant's lack of prior exposure to the criminal justice system makes his argument here at least plausible. Even so, this argument is ultimately not persuasive to the Court, particularly in light of the defendant's lack of credibility.

Considering all of these reasons, the Court finds that the defendant has not provided a valid reason for the long delay between entry of his guilty pleas and his motion to withdraw them. Although the arguments he presents are not persuasive, considering the totality of the circumstances of this case, the Court will not find this particular factor as strongly supportive of denial of the motion to withdraw.

**(3) The Defendant Asserts His Innocence**

At the hearing, the defendant now asserts that he is factually innocent of the charges. On its surface, this factor should largely weigh in favor of withdrawal. However, as the Court sees it, there is more to this factor than meets the eye. First, as outlined above, the defendant's testimony

9

at the evidentiary hearing is largely incredible. His repeated and acknowledged lies to this Court seemingly grew from the superficial to the utterly bizarre.[3] Secondly, the defendant concedes that he is unaware of any substantive evidence that he could assert, absent his own testimony, that would refute any evidence brought against him at trial. When this Court asked the defendant if he was allowed to withdraw his guilty pleas and proceed to trial, what evidence would he be able to provide to support his testimony, he acknowledged that he was not aware of any other evidence which would support his own testimony. He provided nothing to this Court to substantiate his claim that he is factually innocent.[4] Finally, the language in the current Presentence Investigation Report ("PSR") provides some evidence in the record that, not only did the defendant profess guilt under oath in front of this Court, but, *at some point later*, he provided a statement to the probation officer—or at least failed to correct his former attorney speaking on his behalf—repeating his admitted involvement in the offense. This further detracts from the persuasiveness of his current testimony regarding his innocence.

In effect, the Court recognizes that the defendant is *now* claiming he is factually innocent of these charges. However, there are a number of facts in this record that detract from the impact of the defendant's current testimony. Looking to all of the facts surrounding the defendant's claimed innocence, this particular factor only weighs minimally in favor of allowing the defendant to withdraw his guilty pleas.

### (4) Circumstances Surrounding the Defendant's Entry of the Guilty Plea

---

[3] Referring to the defendant's testimony that he was perfectly comfortable with lying to the Court while under oath regarding his factual guilt to these charges, among other times, at the change of plea hearing, while shortly later he was unwilling to lie to others, including the probation officer conducting his presentence interview, while not under oath.

[4] Of course, the Court is cognizant that at a jury trial, the defendant would be under absolutely no obligation to present any evidence whatsoever as to his innocence. However, for the instant motion, the defendant bears the burden of proving that there is a fair and just reason for allowing the withdrawal of his guilty pleas. Providing some probative evidence supporting his testimony of claimed innocence for the instant motion would have at least rendered his (incredible) testimony somewhat more persuasive.

In arguing that this factor supports his motion, the defendant states that he told his former counsel that he wanted to go to trial throughout the course of his case, yet his former attorney was not willing to take his case to a jury trial. Also, the defendant asserts that his counsel gave misleading advice because he failed to investigate the sufficiency of the evidence against him in this case. Finally, the defendant takes issue with his former counsel's filing of motions to continue, against the wishes of the defendant.

Although the defendant claims that his former attorney did not show any willingness to take his case to trial, his own testimony contradicts this assertion. Indeed, in the defendant's own account, after discovery was completed and the plea deadline was fast approaching, the defendant's former attorney brought with him personally to the jail "the full panel," including an additional attorney, a paralegal, and a case investigator. [Doc. 77 at Page ID # 977]. This is certainly an indication that trial preparation was still, at the very least, being considered by his former counsel. Contrary to the defendant's complaints, counsel's filing of a motion to continue also signifies preparations for proceeding to trial. Indeed, the very reason for the motion was that there were "major factual issues that need[ed] to be investigated and a fairly large number of witnesses that need[ed] to be interviewed *before trial*." [Doc. 31 (emphasis added)].

To be clear, based on the defendant's answers to this Court's questioning at the evidentiary hearing, it is without merit for the defendant to argue that he was without at least some knowledge of the related criminal charges in Georgia. Of course, both of the parties agree that the discovery in this case largely did not dive into the factual occurrences of those Georgia charges. But there is no disputing that the defendant was aware of the facts giving rise to those accusations in his handling of this case. He arrived in this Court upon a writ of habeas corpus ad prosequendum from Georgia, he and his former attorney specifically carved out facts in the plea agreement in this

case relating to the Georgia events, and he negotiated that this sentence would run concurrently with any potential sentence he faced on the Georgia charges. The defendant specifically pointed out to his former attorney the correct case number for the Georgia charges in his plea agreement before entering his guilty pleas. In essence, the Court has reviewed the facts of the record, and even though both parties acknowledge a relative lack of discovery relating to the facts of the concurrent Georgia case, the Court does not conclude that this lack of discovery is a surrounding circumstance that rendered the guilty pleas being entered without "sufficient awareness of the relevant circumstances and likely consequences." *See Brady*, 397 U.S. at 748.

Ultimately, this Court does not find any of the arguments raised by the defendant as to this factor persuasive. The defendant unequivocally stated under oath that he was satisfied with his former attorney's representation, that there were no promises or threats of any kind pressuring him to plead guilty, and that he felt, at least at the time, that entering the guilty plea was in his own best interest.[5]

For these reasons, this factor also weighs against the defendant's motion.

**(5) The Defendant's Nature and Background**

The Court also considers the defendant's nature and background to determine whether there is a fair and just reason for withdraw of his guilty plea. Here, the defendant has a high school education with average scholastic standing. Further, the defendant testified that he attended one semester of college. There is nothing in the record suggesting that the defendant did not

---

[5] As an aside, the Court notes that the agreement reached between the government and his former attorney provided a significant benefit to the defendant. Indeed, in the plea agreement, not only did the government agree to dismiss the remaining counts of the indictment against the defendant—convictions on Counts Two and Four would have subjected the defendant to an additional 30 years imprisonment (prior to the First Step Act, which was not enacted at the relevant time in this case) to run consecutively to any other sentence imposed—but the agreement further stipulated that no cross reference to United States Sentencing Guidelines § 2A should be applied based on the related charges in Gwinnett County, Georgia. Had such a cross reference been applied, the defendant's offense level would have been much higher.

12

understand what he was doing when he entered his guilty pleas. This factor supports denial of the defendant's motion.

**(6) The Defendant's Prior Experience with the Criminal Justice System**

The defendant does not have extensive experience with the criminal justice system. In short, other than a charge from his youth which was judicially diverted, the defendant has very little prior experience with the criminal justice system. This factor supports withdrawal of the guilty pleas.

**(7) Potential Prejudice to the Government**

The final listed factor the Court considers to determine whether the defendant's motion to withdraw his guilty plea is for a fair and just reason is the potential prejudice to the government if the motion to withdraw is granted. *See Ellis*, 470 F.3d at 285. However, "the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *Id*. (quoting *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987)). In the present case, the defendant has not advanced a fair and just reason for allowing the withdrawal. Thus, the Court need not reach the issue of the potential prejudice to the government.

Although unnecessary, the Court notes that there likely would be prejudice to the government if the defendant was now allowed to withdraw his pleas of guilty. These proceedings have extensively prolonged this case, such that many of the witnesses the government would rely upon at trial would likely have diminished recollection of the events giving rise to the charges the defendant would face. Additionally, the government argued, and this Court finds somewhat persuasive, that many of its cooperating witnesses in this case have now been sentenced, and that they would not have the same motivation for providing trial testimony as they would have had this

trial commenced on the scheduled date.  Of course, cutting against this argument is the fact that the government does have some post-sentencing options, such as a Rule 35 motion, to entice sentenced cooperating witnesses to testify.  The Court acknowledges that, given the unique circumstances of a Rule 35 motion, such motions may sometimes not carry the same weight with a cooperating witness as alternative options at the government's disposal.   Ultimately, the Court would have found that the government would have been somewhat prejudiced had the defendant now been allowed to withdraw his guilty pleas and proceed to trial in this matter at this point in time.  However, as stated above, based on the other findings, this factor is inapplicable to the instant case.

## V.     Conclusion

The Court recognizes that this is somewhat of a close call.  Indeed, some of the factors this Court has considered weigh in favor of allowing the defendant to withdraw his guilty pleas and proceed to trial.  Further, the United States' significant lack of probative evidence on this motion has required the Court to consider the defendant's testimony largely on its own—testimony which, across hearings, is wholly inconsistent and difficult to reconcile.  However, after full consideration of the enumerated factors set out above, as well as an entire consideration of the record as a whole, the Court finds that the defendant has failed to meet his burden of showing a fair and just reason for allowing the withdrawal of his guilty pleas.  The time the defendant waited to request the withdraw as well as the circumstances surrounding the entry of the guilty pleas, particularly this Court's finding that he entered into the guilty pleas voluntarily and knowingly, are simply too strong to be outweighed by the other factors in this case.  The defendant has completely ruined his credibility by openly lying to this Court under oath, and his complete reliance on his own testimony has ultimately not overcome his burden for showing a fair and just reason to allow withdrawal of

the guilty pleas. For the reasons stated above, the defendant's motion to withdraw his guilty pleas, [Docs. 64 and 68], is **DENIED**.

A sentencing hearing in this matter will be held on September 9, 2019 at 1:30 p.m. The parties shall file their objections or notice of no objections to the presentence investigation report on or before July 15, 2019. Although the defendant's former counsel filed some objections to the presentence investigation report on the defendant's behalf, *see* [Doc. 63], the Court will only consider objections raised by his current attorney for sentencing. Of course, the defendant is free to renew said prior objections if he is so inclined. Sentencing memoranda shall be due on or before August 26, 2019.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE